IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
Hammond, Indiana

| | |
|---|---|
| **VINCENT LE BRON,**<br>On behalf of himself and<br>all others similarly situated,<br><br>     Plaintiff,<br>vs.<br><br>**NILES INDUSTRIAL SERVICES, LLC,**<br>**WILLIAM LANGFORD, indiv.,**<br>**and CHRISTOPHER KAMINSKI, indiv.**<br><br>     Defendants. | Civil Action no.: 2:14-cv-209<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

The plaintiff, Vincent Le Bron ("Plaintiff"), on behalf of himself, and all others similarly situated, by and through counsel, hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action against Defendants, NILES INDUSTRIAL SERVICES, LLC, WILLIAM LANGFORD, and CHRISTOPHER KAMINSKI, (collectively, "Defendants"), for unpaid overtime compensation and related penalties and damages.  Defendants' practice and policy is to willfully fail and refuse to properly pay overtime compensation due Plaintiff, and all other similarly situated employees.  Doing so denies such individuals overtime pay and is a direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter, "FLSA").

2.     Defendants' practices are in direct violation of the FLSA and Plaintiff seeks injunctive and declaratory relief, overtime premiums for all overtime work required, suffered, or permitted by

Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

3. Plaintiff, Vincent Le Bron, is a United States citizen and citizen of Indiana, currently domiciled and residing in Valparaiso, Indiana.

4. Defendant Niles Industrial Services, LLC ("Niles") is a foreign limited liability company headquartered out of Fenton, Michigan and doing business in Indiana. Their Indiana headquarters are at 284 West 1050 North, Chesterton, Indiana, but they also operate in various locations throughout Lake and Porter counties in Indiana, as well as Joliet, Illinois.

5. Defendant William Langford ("Langford") is a United States citizen and citizen of Indiana, currently domiciled and residing in LaPorte, Indiana.

6. Defendant, Christopher Kaminski ("Kaminski") is a United States citizen and citizen of Indiana, currently domiciled and residing in northwest Indiana.

**JURISDICTION AND VENUE**

7. This court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* and this court has personal jurisdiction because defendants conduct business within this court's district and defendants Langford and Kaminski are residents of Indiana, currently residing and domiciled in this court's district.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Indiana, and the causes of action set forth herein have arisen and occurred in the Northern District of Indiana. Venue is also

proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Indiana.

9. At all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including Plaintiff and each of the putative representative action plaintiffs.

10. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (five hundred thousand dollars).

**Facts Giving Rise to Plaintiff's Claims Under the FLSA**

11. Plaintiff hereby incorporates by reference paragraphs 1 through 10 of this complaint as though they were herein set forth in full.

12. Plaintiff worked as a full-time employee for Niles Industrial Services from approximately October, 2011 to February, 2013.

13. During Plaintiff's employment with Niles, he worked out of their location at 284 West 1050 North, Chesterton, Indiana, but also worked at various sites around Indiana, including Porter, East Chicago, and also in Joliet, Illinois.

14. He estimates that he performed at least 80 percent of his work in Lake and Porter counties in Indiana.

15. During his entire employment with Niles, he worked as a vacuum truck driver/operator, and was paid on an hourly basis.  He worked with approximately eight other drivers and over 50 laborers, all of whom were also hourly employees.

16. His job duties primarily were driving the vacuum truck to various sites, vacuuming up industrial debris such as acid, lime, coal dust, diesel fuel, grease, mud, and steel particles, dumping the debris (which included hazardous material), and then cleaning the trucks out with shovels and brooms. Laborers were responsible for washing out the trucks and running hoses from the trucks to the worksites. This was all done without respirators or face masks.

17. During Plaintiff's employment with Niles, his direct supervisor was William ("Billy") Langford.

18. During his entire employment with Niles, Christopher ("Chris") Kaminski was President of Niles.

19. During Plaintiff's entire employment at Niles, David ("Dave") Williams was the supervisor at Arcelor Mittal, one of the sites at which Plaintiff worked.

20. During Plaintiff's entire employment at Niles, Kenneth ("Kenny") Williams was the supervisor at the Joliet, Illinois site at which he worked.

21. During Plaintiff's entire employment with Niles, the driver and laborer time-keeping system was the same:

    (a) The work schedules were created by Billy Langford and two schedulers.

    (b) Billy Langford had final approval on all work schedules.

    (c) Schedulers would call drivers to inform them of their schedules.

    (d) Drivers were rarely given more than a day's notice of their shift, and were often awoken in the middle of the night to report to work, immediately.

    (e) There was no time-keeping clock or computer.

    (f) Time was recorded by the supervisor on a paper.

      (g)     If a driver felt he was shorted on his paycheck, he would have to fill out a "shortage sheet", and give it to the scheduler.

      (h)     It was the driver's responsibility to ask for, and fill out, a shortage sheet.

22.     If employees did not accept the work shift they would be reprimanded, and their jobs would be threatened.

23.     Even though shifts were scheduled, drivers and laborers regularly were told by supervisors to keep working past their shifts.

24.     Plaintiff personally was subjected to the practices listed in paragraphs 21-23.  To wit, he was called to come in to work, often in the middle of the night, and regularly worked past the end of his shift, at his supervisor's direction.

25.     During Plaintiff's entire employment with Niles, he was not paid for all of the hours that he worked, including many overtime hours.  In fact, he personally witnessed Langford throw away his shortage sheets.

26.     Plaintiff also spoke with other employees who informed him that they, too, were not paid.  These employees include both laborers and drivers.

27.     In late 2012, one of Plaintiff's co-workers told him that he informed Chris Kaminski (president of Niles), that drivers were getting shorted on their pay.  Kaminski called a meeting with Plaintiff, Billy Langford, and Frank (a union steward).  At that meeting, Plaintiff confirmed to Kaminski that Langford was not recording all of his hours worked.  Langford denied it, but told Kaminski that he would "check on it."  Kaminski told Langford that he should "treat (Plaintiff) right" because he was one of their best drivers.  Kaminski gave Plaintiff one of his business cards and told Plaintiff to contact him if the problem continued.

28.     After that meeting, nothing changed.  Langford never followed up with Plaintiff on the issue of unpaid wages, even though Plaintiff presented him with many "shortage sheets."

29.     Langford continued to throw away Plaintiff's shortage sheets.

30.     Plaintiff continued to hear other drivers and laborers complaining about getting shorted on their checks.

31.     Plaintiff attempted to follow up with Kaminski, but Kaminski never took his calls. Plaintiff left voicemails on Kaminski 's cell phone and office numbers regarding the fact that he was still not getting paid for all hours worked.  Kaminski ignored him and the two men never spoke again after the one meeting with Langford.

32.     Plaintiff also complained to schedulers (Brian and Ron) about the fact he was not getting paid properly.  Ron responded, "I don't give a fuck.  That's not my fucking problem.  That's your problem.  Get the hell out of here."  Brian responded to Plaintiff by telling Plaintiff to tell Langford.

33.     Plaintiff regularly complained to Langford about the fact that he was being shorted on his checks.  His answer was "write a fucking shortage sheet," and "it ain't my problem."  He would also tell Plaintiff, "don't give me your bullshit; you're a liar."

34.     Plaintiff also complained on numerous occasions to Kenny Williams and Dave Williams about getting shorted on his hours at their locations.  Both men would only say, "Don't worry about it", and tell Plaintiff that they would "take care of it."  They never did.

35.     No one, including Langford and Kaminski, ever addressed Plaintiff's complaints.

36. Plaintiff also personally heard other hourly employees, both drivers and laborers, complain to Langford and to the schedulers about getting shorted on their checks. These employees were told, like Plaintiff, to fill out shortage sheets.

**COUNT ONE: FAILURE TO PAY OVERTIME UNDER THE FLSA**

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 of this complaint as though they were herein set forth in full.

38. Defendants are "covered employers" as defined by the FLSA.

39. Defendant Niles Industrial Services, LLC is a "covered entity", as defined by the FLSA.

40. Plaintiff is a "non-exempt", "covered employee", as defined by the FLSA.

41. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

42. Defendants failed to compensate non-exempt employees, including Plaintiff and other employees, at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

43. Defendants' actions and omissions have violated, and continue to violate, the FLSA by, *inter alia*: failing to pay Plaintiff and others similarly situated for certain overtime hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed; failing to keep accurate records of hours worked; and deliberately falsifying pay and timekeeping records in order to further a scheme to avoid payment of proper overtime compensation.

44. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as non-exempt hourly drivers and laborers in Chesterton, Indiana, Porter, Indiana, and East Chicago, Indiana within

three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

45. This complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because his claims are similar to the claims of the putative representative action plaintiffs.

46. The names and addresses of the putative representative action plaintiffs are available from Defendants. To the extent required by law, notice will be provided to said individuals *via* First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

47. Defendants failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

48. Defendants' failure to comply with the FLSA caused Plaintiffs and putative representative plaintiffs to suffer loss of wages thereon.

49. Defendants' conduct alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

50. Defendants failed to compensate Plaintiff and putative representative plaintiffs for weekly overtime despite being put on notice and applied their compensation policy in reckless disregard of FLSA requirements, thereby subjecting themselves to the three-year statute of limitations for damages.

51. Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the court deems just and proper.

52. Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative representative action plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of plaintiff, Vincent Le Bron, as Representative Plaintiff of the putative representative action plaintiffs;

c. Designation of Marissa McDermott of McDermott Law Office as the attorney representing the putative representative action plaintiffs;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f. Judgment in favor of Plaintiff and the putative representative action plaintiffs and against Defendants on their claims for overtime pay under the FLSA, with an award of damages for overtime compensation due to Plaintiff and the putative representative action plaintiffs, including liquidated damages;

g. Costs and expenses of this action incurred herein, including reasonable attorneys' fees, expenses, and expert fees;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

_/s/ Marissa McDermott_____
Marissa McDermott
Indiana Attorney 22465-64
MCDERMOTT LAW OFFICE
marissa@mcdermottlegal.net
Attorney for Plaintiff
9013 Indianapolis Boulevard
Highland, Indiana 46322
Phone:  (219) 838-9200
Facsimile: (219) 972-7110

**JURY DEMAND**

      The Plaintiff, by counsel, hereby demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

                                            _/s/ Marissa McDermott_____

                                            Marissa McDermott, Esq.
                                            MCDERMOTT LAW OFFICE
                                            9013 Indianapolis Boulevard
                                            Highland, Indiana 46322
                                            Tel. 219-838-9200
                                            Fax 219-972-7110
                                            Attorney for Plaintiff